**BUFFALO TEACHERS FEDERATION,** Buffalo Council of Supervisors and Administrators, AFSCME Local 264, Professional Clerical and Technical Employees Association, Plaintiffs–Appellants–Cross–Appellees,

v.

Richard TOBE, Thomas E. Baker, Alair Townsend, H. Carl McCall, John J. Faso, Joel A. Giambra, Anthony Masiello, Mayor, Richard A. Stenhouse, Robert G. Wilmers, in their Official Capacities as Directors/Members of the Buffalo Fiscal Stability Authority Control Board, Defendants–Appellees,

City of Buffalo, Board of Education for the City School District of the City of Buffalo, Appellees–Cross–Appellants.*

No. 12–0958–cv.

United States Court of Appeals, Second Circuit.

March 18, 2013.

## SUMMARY ORDER

Plaintiffs–Appellants, the Buffalo Teachers Federation, the Buffalo Council of Supervisors and Administrators, AFSCME Local 264, and the Professional Clerical and Technical Employees Association (the "Unions") seek review of a decision and order of the district court denying their Fed.R.Civ.P. 60(b) motion for relief from judgment, entered on February 10, 2012. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

This Court reviews decisions on Rule 60(b) motions for abuse of discretion. *Motorola Credit Corp. v. Uzan,* 561 F.3d 123, 126 (2d Cir.2009). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.' " *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir.2008) (citation omitted). A district court's determination that a Rule 60(b) motion is untimely remains subject to this abuse of discretion standard. *See, e.g., Maduakolam v. Columbia Univ.,* 866 F.2d 53, 56 (2d Cir.1989) (re-

* The Clerk of the Court is directed to amend    the caption as set out above.

viewing denial of Rule 60(b) motion based on timeliness for abuse of discretion).

The Unions argue that the Buffalo Fiscal Stability Authority ("BFSA") misstated the impact that lifting the wage freeze would have on salary increases in the initial litigation before the district court, challenging the constitutionality of the state law creating the BFSA in response to the fiscal crisis in the City of Buffalo.

There are two possible clauses under Rule 60(b) that might apply to this case: 60(b)(3) and the residual clause, 60(b)(6).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R.Civ.P. 60(c). This one-year limitations period is "absolute," *Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir.2000), and is not tolled by the filing of other litigation, *see, e.g., Jones v. Capital Cities/ABC Inc.,* 168 F.R.D. 477, 479 n. 3 (S.D.N.Y.1996). The Unions brought their Rule 60 motion many years after the judgment they seek to reopen. Accordingly, Rule 60(b)(3) is not available to them.

"A motion under Rule 60(b) must be made within a reasonable time." Fed. R.Civ.P. 60(c). This limitation applies to the residuary clause, Rule 60(b)(6). Because the motion in this case was not brought within a reasonable time after the Unions learned of the possible basis for their motion, we need not decide whether Rule 60(b)(6) might have been available to them notwithstanding the fact that the relief sought, based upon a misrepresentation by the BFSA, appears to be covered under Rule 60(b)(3). *Cf. United Airlines, Inc. v. Brien,* 588 F.3d 158, 175 (2d Cir. 2009). As the Rule 60(b) motion was brought many years after the entry of judgment—well beyond the one-year period under Rule 60(b)(3) and well beyond any period that would be reasonable under Rule 60(b)(6)—we conclude that the district court did not abuse its discretion by denying relief. As such, we also affirm the district court's denial of intervention as moot.

We have considered the Unions' remaining arguments and find them to be without merit. Accordingly, the decision and order of the district court hereby is AFFIRMED.